FILED

07/14/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 26-0035

DA 26-0035

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 155N

IN THE MATTER OF THE GUARDIANSHIP OF:

    B.H.,

        A Minor Child.

ROBERT HOLMAN,

        Petitioner and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DG-25-23
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Terrah Messick, Self-Represented, Kalispell, Montana

    For Appellee:

        Robert Holman, Self-Represented, Libby, Montana

Submitted on Briefs:  June 17, 2026

Decided:  July 14, 2026

Filed:

                _____
                            Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Terrah Messick (Messick), appearing pro se, appeals the Order Continuing Temporary Guardianship (Order) entered December 19, 2025, in the Montana Nineteenth Judicial District, Lincoln County. We affirm.

¶3 Messick is the biological mother of B.H., who, at the time of the District Court's Order, was 15 years old. B.H. resides in the home of his girlfriend. Robert Holman (Holman) is B.H.'s girlfriend's father. B.H.'s father is deceased.

¶4 On August 26, 2025, Holman filed a pro se Petition for Guardianship. The court conducted a hearing on December 2, 2025, wherein Holman, Messick, and B.H. appeared pro se. The District Court found that B.H. consented to the guardianship and that Messick did not oppose the guardianship, but she disagreed that Holman should be appointed the guardian. The court found that B.H. had lived with Holman and his family for approximately a year and a half and that B.H. was welcome and cared for in Holman's home. In contrast, the court found that there was a great amount of hostility and animosity between Messick and B.H. and that Messick admitted she was unable to parent B.H. because he repeatedly ran away and refused to attend school when he lived with Messick. He engaged in destructive behavior while in her custody and was regularly involved with

juvenile probation. The court also indicated it had significant concerns regarding B.H.'s relationship with Messick's current partner, who was recently released from incarceration. Additionally, the court found that despite apparently receiving benefits on B.H.'s behalf, Messick failed to financially support B.H. Finally, the court noted that B.H. is of an age to consent to the guardianship and would be of an age soon to request emancipation.

¶5 We have reviewed Messick's Opening Brief. No Response Brief has been filed. Messick has failed in her burden on appeal of presenting any argument, analysis, or supporting authority demonstrating that the District Court erred in its findings of fact and conclusions of law. She appends the District Court's Order and highlights sections indicating "not true." "It is not this Court's obligation to develop parties' arguments for them." *City of Billings v. Peterson*, 2004 MT 232, ¶ 45, 322 Mont. 444, 97 P.3d 532 (citation omitted). Moreover, Messick has failed to file with this Court a transcript of the relevant hearings before the District Court. This Court is therefore unable to review the record for any alleged error. We have repeatedly held that we will not consider unsupported issues or arguments. *Cutler v. Jim Gilman Excavating, Inc.*, 2003 MT 314, ¶ 22, 318 Mont. 255, 80 P.3d 1203. It is "not this Court's obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal." *Cutler*, ¶ 22 (quoting *In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, 35 P.3d 291).

¶6 In the instant case, Messick has failed to support her claim that the District Court erred in continuing the guardianship with any argument or supporting authority. Accordingly, we affirm the District Court's Order Continuing Temporary Guardianship.

3

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶8      Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON